**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter **11**

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Punch Bowl Social, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **82-1869826** |

| 4. | **Debtor's address** | **Principal place of business**<br><br>**65 Broadway**<br>**Denver, CO 80203**<br>Number, Street, City, State & ZIP Code<br><br>**Denver**<br>County | **Mailing address, if different from principal place of business**<br><br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
|---|---|---|---|

| 5. | **Debtor's website** (URL) | **https://punchbowlsocial.com/** |
|---|---|---|

| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
|---|---|---|

Debtor  **Punch Bowl Social, Inc.**　　　　　　　　　　　　　　　　Case number (*if known*) _____
　　　　Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
__7225__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　☐ A plan is being filed with this petition.

　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____　When _____　Case number _____
District _____　When _____　Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No
■ Yes.

Debtor　**See Attachment**　　　　Relationship　**Debtor**
District　**District of Delaware**　When　**12/20/20**　Case number, if known _____

Debtor  **Punch Bowl Social, Inc.**_____   Case number (*if known*)_____
      Name

| | | |
|---|---|---|
| 11. | **Why is the case filed in *this district*?** | *Check all that apply:*<br>■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No<br>☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br>**Where is the property?** _____<br>      Number, Street, City, State & ZIP Code<br>**Is the property insured?**<br>☐ No<br>☐ Yes.   Insurance agency _____<br>       Contact name _____<br>       Phone _____ |

■   **Statistical and administrative information**

| | | |
|---|---|---|
| 13. | **Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>■ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| | | | | |
|---|---|---|---|---|
| 14. | **Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>■ 200-999 | ☐ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than100,000 |
| 15. | **Estimated Assets** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>■ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
| 16. | **Estimated liabilities** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>■ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

Debtor  **Punch Bowl Social, Inc.**　　　　　　　　　　　　　　Case number (*if known*) _____
　　　　Name

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **December 21, 2020**
　　　　　　　　MM / DD / YYYY

X **/s/ Stacy Johnson Galligan**　　　　　　　　　　　**Stacy Johnson Galligan**
Signature of authorized representative of debtor　　　Printed name

Title **Authorized Representative**

**18. Signature of attorney**

X **/s/ Eric J. Monzo**　　　　　　　　　　　Date **December 21, 2020**
Signature of attorney for debtor　　　　　　　　　　　MM / DD / YYYY

**Eric J. Monzo**
Printed name

**Morris James LLP**
Firm name

**500 Delaware Avenue
Suite 1500
Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **302-888-6800**　　　Email address **emonzo@morrisjames.com**

**5214 DE**
Bar number and State

# ATTACHMENT

## PENDING OR CONCURRENT BANKRUPTCY CASES

On the date hereof, each of the entities listed below (including the debtor in this chapter 11 case, collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have moved for joint administration of their cases with the lead case number assigned to the chapter 11 case of PBS Brand Co., LLC.

| Company Name | EIN | State of Incorporation |
|---|---|---|
| PBS Brand Co., LLC | 46-1617897 | DE |
| Punch Bowl Social, Inc. | 82-1869826 | DE |
| Punch Bowl Arlington, LLC | 81-3967250 | DE |
| Punch Bowl Atlanta Battery, LLC | 81-4678973 | DE |
| Punch Bowl Austin, LLC | 46-1900366 | DE |
| Punch Bowl Chicago West Loop, LLC | 81-5454024 | DE |
| Punch Bowl Cleveland, LLC | 47-2608583 | DE |
| Punch Bowl Dallas Deep Ellum, LLC | 82-3568239 | DE |
| Punch Bowl, LLC | 27-3622287 | CO |
| Punch Bowl Indianapolis, LLC | 47-5360144 | DE |
| Punch Bowl Minneapolis, LLC | 47-5359815 | DE |
| Punch Bowl Sacramento, LLC | 47-4808092 | DE |
| Punch Bowl SanDiego, LLC | 81-3146440 | DE |

# WRITTEN CONSENT AND RESOLUTIONS OF SOLE STOCKHOLDER OF
# OF PUNCH BOWL SOCIAL, INC.

## December 21, 2020

The undersigned, being the sole stockholder and sole member of the board of directors (the "**Authorized Person**") of Punch Bowl Social, Inc., a Delaware corporation (the "**Company**") does hereby consents to, adopts, authorizes and approves the following resolutions, with the same force and effect as if consented to and approved at a meeting duly called and held.

**WHEREAS**, the Authorized Person has considered the financial and operational conditions of the Company;

**WHEREAS**, the Authorized Person has reviewed, considered and received the recommendation and the advice of the professionals and advisors with respect to the options available to the Company, including the possibility of pursuing a restructuring or sale of the Company's business and assets under title 11 of the United States Code (the "**Bankruptcy Code**"); and

**WHEREAS**, the Company contemplates entering, with certain affiliates and subsidiaries, into certain debtor-in-possession financing in connection with a restructuring or sale of the Company's business and assets under the Bankruptcy Code;

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that after consideration of the alternatives presented to them and the recommendations of the Company and the advice of the Company's professionals and advisors, the Authorized Person has determined in its business judgment that it is in the best interest of the Company, its creditors, interest holders, and other interested parties that a voluntary petition be filed by the Company seeking relief under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Petition**"), and the filing of such Petition be, and hereby is, authorized in all respects; and it is

**FURTHER RESOLVED**, that and the and such other or additional persons as may be designated by the Authorized Persons and any other officer or person designated hereby are appointed as authorized signatories and representatives in connection with the bankruptcy proceeding authorized herein (collectively, the "**Authorized Representatives**"); and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized, directed, and empowered on behalf of the Company to execute and verify the Petition in the name of the Company under the Bankruptcy Code and to cause the same to be filed, in such form and at such time as the Authorized Representatives shall determine; and it is

**FURTHER RESOLVED**, that the Authorized Representatives, and each of them, with full authority to act without others, hereby is, authorized and directed to obtain postpetition financing and/or use cash collateral according to the terms negotiated and approved by the Authorized Representatives, including under one or more debtor-in-possession credit facilities; and to pledge and grant liens on the Company's assets as contemplated by or required under the

terms of such postpetition financing; and, in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate loan agreements and related ancillary documents; and it is

**FURTHER RESOLVED,** that the Authorized Representatives, and each of them, with full authority to act, hereby is, authorized and directed to work with the Company's advisors to effectuate a sale of substantially all of the Company's assets or restructuring under the Bankruptcy Code; and to file all necessary motions and papers in the United States Bankruptcy Court for the District of Delaware to obtain approval of such sale or restructuring, according to the terms negotiated and approved by the Authorized Representatives; and, in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate agreements and related ancillary documents; and it is

**FURTHER RESOLVED**, that the Authorized Representatives, and each of them, with full authority to act, hereby is, and any employees or agents (including counsel) designated by or directed by such Authorized Representatives, be, and each hereby is, authorized and empowered to cause the Company to enter into, to execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of such officer shall be necessary, proper, and desirable to prosecute to a successful completion the Company's chapter 11 case, to effectuate the restructuring of the Company's debt, other obligations, organizational form and structure, and ownership of the Company consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to negotiate, execute, verify and file, or cause to be executed, verified, and filed (or direct others to do so on their behalf, as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, financial advisors, accountants or other professionals and to take any and all action which such Authorized Representative deems necessary and proper in connection with the bankruptcy case; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized and directed on behalf of and in the name of the Company to employ the law firm of Morris James LLP ("**Morris James**") as bankruptcy counsel to assist the Company in filing for relief under chapter 11 of the Bankruptcy Code and in carrying out the Company's duties under chapter 11 of the Bankruptcy Code, and the Authorized Representatives of the Company are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon, and after the filing of the bankruptcy cases, and to execute and cause to be filed an application for authority to retain Morris James as the Company's bankruptcy counsel; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized and directed on behalf of and in the name of the Company to employ Gavin/Solmonese to assist the Company in its restructuring and cases under chapter 11 of the

Bankruptcy Code and related matters, and to serve at the discretion of the Authorized Representatives, and the Authorized Representatives of the Company are hereby authorized and directed to execute retention agreements, pay retainers prior to, immediately upon, and after the filing of the bankruptcy cases, and to execute and cause to be filed an application or applications for authority to retain a chief restructuring officer and financial advisors as the Company's chief restructuring officer, financial advisors and investment bankers; and it is

**FURTHER RESOLVED,** that the Authorized Representatives are, and each of them hereby is, authorized and directed on behalf of and in the name of the Company to employee Omni Agent Solutions as the claims, noticing and solicitation agent ("**Omni**") to assist the Company in carrying out its duties under the Bankruptcy Code and related matters; and in connection therewith, and to execute retention agreements, pay retainers prior to, immediately upon, and after the filing of the bankruptcy cases, and to execute and cause to be filed an application for authority to retain the services of Omni; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized and directed to retain and employ any other professionals or consultants to the Company as are deemed necessary to represent and assist it in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to, and immediately upon and after the filing of the bankruptcy cases, and to execute and cause to be filed an application for authority to retain the services of such firms; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized, directed, and empowered for and in the name and on behalf of the Company to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and it is

**FURTHER RESOLVED**, that the Authorized Representatives are, and each of them hereby is, authorized, directed, and empowered, in the name and on behalf of the Company to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and when necessary or appropriate, file or cause to be filed with the appropriate governmental authorities or otherwise, all such further agreements, documents, reports, certificates, and undertakings and any amendments, supplements, or modifications thereto; and to incur and to pay all such fees and expenses and to engage such persons as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is

**FURTHER RESOLVED**, that all instruments, agreements, certificates, consents, waivers, or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by the Authorized Person, the Company, the Authorized Representatives, or any officer or other duly authorized agent acting by or under the direction of the Authorized Person, in connection with the bankruptcy case, including, without limitation, obtaining financing or obtaining authorization to use cash collateral pursuant to a budget, or any further action to seek relief on behalf of the Company under the Bankruptcy Code, or in connection with the bankruptcy case, or any matter related thereto, be, and hereby are,

- 4 -

adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and it is

**FURTHER RESOLVED**, that any and all past actions heretofore taken by the Authorized Person and any Authorized Representatives of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and it is

**IN WITNESS WHEREOF**, the undersigned, constituting the Authorized Person, hereby consents to and approves and adopts these resolutions as of the date set forth above and directs that this Written Consent be filed with the Company's minutes and official records.

**SOLE STOCKHOLDER:**

PBS HOLDCO, LLC

/s/ Robert LeBoeuf
Robert LeBoeuf, Manager

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Consolidated List |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known): | |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| JPMorgan Chase Bank, NA<br>PO Box 182054<br>Columbis, OH 42318 | Jenae Anderson<br><br>jenae.h.anderson@chase.com | PPP Loan | | | | $10,069,144.44 |
| FC Ballston Common LLC<br>Terminal Tower, Forest City Realty Trust<br>50 Public Square, Suite 1360<br>Cleveland, OH 44113-2267 | Jeffrey Aronoff<br><br>Jeffrey.Aronoff@brookfieldpropertiesretail.com | Leasehold | | | | $818,158.70 |
| The DOMAIN MALL LLC<br>C/O M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3438 | Sundesh Shah<br><br>sshah@simon.com | Leasehold | | | | $763,173.42 |
| CIRCLE CENTRE MALL<br>C/O M.S. Management Associates Inc.<br>225 West Washington Street<br>Indianapolis, IN 46204-3438 | Sundesh Shah<br><br>sshah@simon.com | Leasehold | | | | $707,893.94 |
| ARC WEMPSMN001 LLC<br>Attn: General Counsel<br>405 Park Avenue, 14th Floor<br>New York, NY 10022 | Jason Slear<br><br>jslear@ar-global.com | Leasehold | | | | $684,086.99 |

| Debtor | **PBS Brand Co., LLC** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Sysco Corporation** Attn: Legal Department 1390 Enclave Parkway, Houston, TX 77077-2099 | Ken O'Donnell o'donnell.ken@den.sysco.com | Trade | | | | $643,949.37 |
| **Internal Revenue Service** Centralized Insolvency Operation PO Box 7346 Philadelphia, PA 19101-1734 | | Taxes | | | | $465,154.01 |
| **Going Stagg** 217 Havemeyer Street, 4th Floor Brooklyn, NY 11211 | Jaco Sacks jsacks@cayugacapital.com | Note | | | | $319,191.47 |
| **TUNDRA RESTURANT SUPPLY, Inc.** PO Box 74007307 Chicago, IL 60674 | Keith Kelly customerservice@tundrafmp.com | Trade | | | | $109,962.44 |
| **Trimark SS Kemp** 4567 Willow PKWY, Cleveland, OH 44125-1041 | info@trimark.com 216-271-7700 | Trade | | | | $99,329.01 |
| **US BOWLING CORPORATION** 5480 Schaefer Ave Chino, CA 91710 | sales@usbowling.com | Trade | | | | $92,711.82 |
| **CANON FINANCIAL SERVICES, INC** PO Box 5008 Mount Laurel, NJ 08054 | customer@cfs.com | Leasehold | | | | $84,961.68 |
| **John Haywood** 100 Park Plaza #320 San Diego, CA 92101 | jwhaywood@gmail.com | Consulting Services | | | | $75,000.00 |
| **CONVEYOR** 240 Saint Paul Street Suite 115 Denver, CO 80206 | Andee Conner Foutch andee.connerfoutch@conveyormedia.com | Trade | | | | $66,900.71 |

Debtor **PBS Brand Co., LLC**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| NATIONAL DISTRIBUTION SERVICE, INC 6616 Trade Center Blvd., Chesterfield, MO 63005 | steve@ndsstl.com 636-536-5300 | Trade | | | | $65,576.00 |
| DAVIS WRIGHT TREMAINE LLP 1300 SW Fifth Avenue, Suite 2400, Suite 2400 Portland, OR 97201 | Riley Lagesen rileylagesen@dwt.com | Legal Fees | | | | $64,137.00 |
| VOX MEDIA PO Box 20064 Pittsburgh, PA 15251-0064 | | Trade | | | | $53,000.00 |
| NAMIFY 280 West 900 North Springville, UT 84663 | orders@namify.com 801-491-8068 | Trade | | | | $46,194.32 |
| THE SPICE GUY 3568 Peoria Street, Suite 605 | hello(at)thespiceguyco.com 303-482-1620 | Trade | | | | $43,468.24 |
| FACEBOOK 1601 Willow Road Menlo Park, CA 94025 | Legal Department | Trade | | | | $42,130.44 |
| VRSENAL INC. 1001-A E. Harmony Road #516, Fort Collins, CO 80525 | Ben Davenport (303) 590-8064 | Trade | | | | $35,716.31 |
| AMAZON BUSINESS 410 Terry Avenue North, Seattle, WA | Legal Department | Trade | | | | $35,070.83 |
| FEED MEDIA 7807 E. 24th Avenue Denver, CO 80238 | Stepfanie Jones stefanie@feedmedia.com | Trade | | | | $31,757.50 |
| SUNDELL & ASSOCIATES 5535 E. Thunder Hawk Road, Cave Creek, AZ 85331 | Andy Sundell 480-595-5297 | Trade | | | | $31,250.00 |
| VANTAGE ARCHITECTURAL SOLUTIONS, LLC 28553 Network Place, Chicago, IL 60673-1285 | Thomas Papp (847) 867-7136 | Trade | | | | $27,611.97 |

| Debtor | **PBS Brand Co., LLC** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **SAN DIEGO GAS AND ELECTRIC** 8330 Century Part Ct., San Diego, CA 92123-1530 | **Customer Service** 800-411-7343 | **Utilities** | | | | $25,611.97 |
| **LYRICAL SYSTEMS** 3303 N. Mississippi Avenue, Suite 310, Portland, OR 97227 | **Account Manager** 408-230-7202 | **Trade** | | | | $20,935.28 |
| **BROAD SKY NETWORKS** 750 NW Charbonneau Street, Bend, OR 97703 | **info@bradskynetworks.net** 877-291-9575 | **Trade** | | | | $19,840.48 |
| **Red Book Connect, LLC** 3440 Preston Ridge Road, Suite 650, Alpharetta, GA 30005 | **Danny Matthews** danny.matthews@hotschedules.com | **Trade** | | | | $19,799.37 |
| **GARDA WORLD** 1699 S. Handley Road, Suite 350, St. Louis, MO 63144 | **Account Manager** 314-644-1974 | **Trade** | | | | $19,664.41 |

# United States Bankruptcy Court
### District of Delaware

In re **Punch Bowl Social, Inc.**

Debtor(s)

Case No.

Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **PBS Holdco, LLC**<br>**c/o National Registered Agents, Inc.**<br>**1209 Orange Street**<br>**Wilmington, DE 19801** | | **100%** | **Stockholder** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Authorized Representative** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **December 21, 2020**

Signature **/s/ Stacy Johnson Galligan**

**Stacy Johnson Galligan**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.